UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAWN STEVENS, individually and on
behalf of all others similarly situated,

    Plaintiff,

  v.                Case No. 16-C-1419

OVAL OFFICE, LLC,
d/b/a OVAL OFFICE GENTLEMEN'S CLUB,
JENNIFER L. DECASTER, and
GARY T. DECASTER, SR.,

    Defendants.

---

**DECISION AND ORDER DENYING DEFENDANTS'**
**MOTION FOR PARTIAL DISMISSAL**

---

  Plaintiff Dawn Stevens, an "exotic" dancer, filed a putative collective action against the Oval Office Gentlemen's Club, an adult entertainment business allegedly owned and operated by Defendants Oval Office, LLC, Jennifer DeCaster, and Gary DeCaster. Plaintiff brings this action asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), Wisconsin wage and hour laws, and Wisconsin Statute § 103.455, claiming that Defendants improperly classified her as an independent contractor instead of an employee, failed to pay minimum wages, and improperly deducted fines imposed for poor workmanship from her pay.

  On November 21, 2016, Defendants moved to dismiss Plaintiff's Wis. Stat. § 103.455 claim of illegal and unauthorized deductions from wages pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the fines deducted from wages to incentivize good performance do not violate Wis. Stat. § 103.455. On December 12, 2016, Plaintiff filed an amended complaint to

clarify her allegations regarding the wrongful deductions. In their reply brief, Defendants requested that the court extend their motion for partial dismissal to Plaintiff's amended complaint and dismiss Plaintiff's claim in the amended complaint alleging illegal and unauthorized deductions from wages in violation of Wis. Stat. § 103.455. After a review of the amended complaint, the court finds that the amended complaint does not moot Defendants' motion to dismiss because it does not resolve the legal issues raised in the motion. As such, the court will extend Defendants' motion for partial dismissal to the amended complaint. For the reasons below, however, Defendants' motion will be denied.

## BACKGROUND

The following factual allegations are taken directly from Plaintiff's amended complaint and are accepted as true for the purpose of the motion for partial dismissal. *Ameritech Corp. v. McCann*, 297 F.3d 471, 585 (7th Cir. 2002). The putative plaintiffs in this action are or were exotic dancers at an establishment operated by Defendants called the Oval Office Gentlemen's Club. Plaintiff claims she was deemed an "independent contractor" at the Oval Office and not paid any hourly wages. Plaintiff disputes Defendants' characterization of the dancers as independent contractors, noting that the Oval Office "retained the absolute right to control and direct the work of" the dancers since October 21, 2013. (Am. Compl. at ¶ 34, ECF No. 19.) She alleges that the Oval Office determines the fee customers are required to pay for each dance performed. A portion of the fee paid by the customer is retained by the Oval Office as a "house fee" and the balance is paid to the dancer. The entirety of the compensation received by dancers consists of the fees and tips paid by the customers.

Plaintiff also asserts that Defendants impose various "fines" for alleged violations of the Oval Office's company policies for poor workmanship, including getting to the stage late; starting a

2

routine late; leaving the stage before the next dancer arrives; failing to spend enough time on the floor with customers to sell additional services; failing to fully remove all clothing, except for underwear, by the end of the first song when dancing on stage; spending too much time in the dressing room; and not dressing according to the Oval Office's dress code. (*Id.* at ¶¶ 50, 54.) The fines assessed by Defendants have not been authorized in writing by Plaintiff, and Defendants have not provided Plaintiff the opportunity to contest them. (*Id.* at ¶¶ 51–52.) As a result of the foregoing allegedly illegal pay and deduction policies, Plaintiff asserts claims for unpaid minimum wages and overtime compensation under the FLSA and Wisconsin wage and hour laws, and for illegal deductions under Wis. Stat. § 103.455.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

3

## ANALYSIS

The issue before the court is whether Defendants' deduction of Plaintiff's wages, as alleged in the amended complaint, fall within the scope of deductions prohibited under Wis. Stat. § 103.455. That statute provides:

> No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction or unless the employer and a representative designated by the employee determine that the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness, or willful and intentional conduct, or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct.

Wis. Stat. § 103.455. Plaintiff argues that the fines assessed by Defendants fall within Wis. Stat. § 103.455 because they are deductions for faulty workmanship. She contends that the definition of "workmanship" is sufficiently broad to encompass the deductions made for failing to perform exotic dances in compliance with Defendants' requirements. Conversely, Defendants argue that Plaintiff's definition of workmanship is too broad and that the statute only prohibits employers from making deductions from wages in order to recoup actual business losses. This is a question of statutory interpretation.

Under Wisconsin law, "[t]he primary goal of statutory interpretation is to determine the legislature's intent." *Peters v. Menard, Inc.*, 224 Wis. 2d 174, 185, 589 N.W.2d 395 (1999). The search for legislative intent begins with the plain language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. When the meaning of the statute cannot be discerned from the language of the statute itself, i.e., when the statute is ambiguous, resort is then made to extrinsic aids such as the statute's history, purpose,

4

scope, and context to discern the legislature's intent. *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 271, 580 N.W.2d 233 (1998). "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." *Kalal*, 2004 WI 58, ¶ 47 (citing *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶ 19, 260 Wis. 2d 633, 660 N.W.2d 656).

The plain language of the statute does not support Defendants' contention that it is intended to apply only to deductions from wages intended to recoup business losses. By its terms, the statute prohibits an employer from "mak[ing] any deduction from the wages due or earned by any employee . . . for defective or faulty workmanship, lost or stolen property or damage to property . . . ." Wis. Stat. § 103.455. There is no requirement here that the faulty workmanship caused a loss to the employer. Indeed, Defendants' construction makes no sense. It would be patently unreasonable for the legislature to prohibit employers from reducing an employee's wages for faulty workmanship that did result in an actual loss, while allowing reductions for faulty workmanship that did not. Absent an actual loss, why should the employer be allowed to deduct anything?

It is true that at least one of the three exceptions to the statute's general prohibition would appear to cover situations where there was an actual loss to the business. That exception applies when "the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct." Wis. Stat. § 103.455. A court of competent jurisdiction would make no determination of liability without an actual loss. Absent loss or damage, there is no lawsuit. The fact that this one exception would never apply when a loss did not occur, however, does not narrow the scope of the general prohibition of the statute. "The public policy goal of the statute is to prevent the employer from arbitrarily deducting hard earned wages at its prerogative." *Farady-Sultze v. Aurora Med. Ctr. of Oshkosh, Inc.*, 2010 WI App 99, ¶ 9, 327

5

Wis. 2d 110, 787 N.W.2d 433. Defendants' construction of the statute would run counter to this policy. It would allow employers to arbitrarily reduce their employees' wages based on the employers' subjective assessment of the quality of their work. For all of these reasons, I reject Defendants' proposed construction.

The Wisconsin Supreme Court's decision in *Batteries Plus, LLC v. Mohr*, 2001 WI 80, 244 Wis. 2d 559, 628 N.W.2d 364, does not support Defendants' interpretation of the statute. In that case the employer fired the employee when he refused to reimburse the employer through deductions from his future wages for an alleged overpayment of compensation he had allegedly received. The employee sued claiming his discharge violated the public policy reflected in § 103.455. The Supreme Court rejected the employee's claim on the ground that "[n]either the letter nor the spirit of § 103.455 covers this situation in which an employer claims that it overpaid its employee by mistake and the employee gives the employer no choice but to go to court to recover the money." *Id.* at ¶ 3. Simply put, the Court held that the overpayment the employer sought to collect was not the result of "defective or faulty workmanship" nor did it constitute "lost or stolen property or damage to property." The case says nothing about whether an actual loss is required before the general prohibition of the statute applies.

*Evenson v. Fagan Chevrolet-Cadillac*, No. 92-1764, 181 Wis. 2d 1003, 513 N.W.2d 707 (Ct. App. Apr. 7, 1976), an unpublished decision by the Wisconsin Court of Appeals, provides some support for Defendants' argument. In that case a car salesman was fined $10 for failing to turn in his master key to the individual lock boxes on each car at the end of the day. When the plaintiff refused to pay the fine, the employer took away his master key, making it impossible for the plaintiff to show cars to potential customers. Claiming constructive discharge, the plaintiff sued claiming the

6

discharge was against the public policy enshrined in § 103.455. The Court of Appeals held that § 103.455 did not apply because the statute's entire purpose, as explained by the Wisconsin Supreme Court in *Wandry v. Bull's Eye Credit Union*, 129 Wis. 2d 37, 46, 384 N.W.2d 325, 329 (1986), was to "preclude any deduction for losses until the employee has an opportunity to show his lack of fault." *Evenson*, 181 Wis. 2d 1003 at *3. Because the purpose of the fine was not to recover a loss, but instead to encourage more careful handling of master keys, the Court concluded the statute did not apply. The same could be said here. The dancers were not fined to recover a loss, but to deter violations of the employer's rules.

Nevertheless, I decline to follow *Evenson*. Of course, I am not bound by an unpublished decision of the Wisconsin Court of Appeals. More importantly, however, I do not find its reasoning persuasive. Both *Wandry* and *Donovan v. Schlesner*, 72 Wis. 2d 74, 240 N.W.2d 135 (1976), the two decisions of the Wisconsin Supreme Court on which *Evenson* relied, involved actual losses to the employer. Neither held that a loss is required in order for the general prohibition contained in § 103.455 to apply. That issue was not before the court in either case. In my view, the *Evenson* court's reading of the holding in *Wandry* goes beyond the case's actual holding and is inconsistent with the plain language and underlying policy of the statute. It is also noteworthy that the employer in *Evenson* did not deduct the fine from its salesman's wages; it simply took his master key away until he paid the fine. For this reason, too, § 103.455 did not apply.

Defendants also argue that the statute does not apply in this case because the fines deducted from the dancers' pay were not for defective or faulty "workmanship" within the meaning of § 103.455. For this argument, Defendants rely on an unpublished decision of the Wisconsin Court of Appeals in *Wisconsin Management Co., Inc. v. Loken*, No. 86-1432, 140 Wis. 2d 866, 412 N.W.2d

7

901 (Ct. App. July 16, 1987), in which a majority of the panel narrowly defined the word "workmanship" as used in § 103.455 so as to exclude the plaintiff's job which consisted of managing an apartment building. "Workmanship," the majority held, "is equated with craftsmanship, and applies to objects manufactured or produced by manual labor." *Id.* at * 3. "Performing routine maintenance and acting as a rental agent does not involve manufacturing or production," the majority held. Thus, plaintiff's claim under § 103.455 was, in the majority's view, properly dismissed.

Again, I find the decision of the court unpersuasive. Nothing in the statutory text suggests that it was intended to limit the general prohibition against taking deductions from employees' wages for faulty workmanship to employees engaged in manufacturing or production. Indeed, the same day the Court of Appeals issued its decision in *Loken*, a majority of a different panel of the same district issued an unpublished decision in another case, *State ex rel. Manley v. Windy Hill Foliage*, No. 86-1289, 140 Wis. 2d 866, 412 N.W. 2d 901 (Ct. App. July 16, 1987), which expressly rejected *Loken*'s narrow definition of the word "workmanship," noting "[a]n intent to use 'workmanship' in a technical, restricted sense cannot be inferred from the statute itself. We should not impose such a construction on a statute when the construction is contrary to the legislative intent as to its purpose." *Id.* at *5. Like the majority in *Manley*, I conclude that workmanship is not limited to manufacturing or production jobs or "a certain class of wage-earning employees." *Id.* at * 3. Instead, I conclude that the work covered by the statute includes any endeavor individuals are employed to perform. *Id.* at *5.

Given the plain language of § 103.455 and the strong public purpose of protecting all employees from arbitrary deductions in their hard-earned wages, it would be illogical to conclude that the legislature intended to limit the type of employees eligible for protection under the statute

8

to workers employed in manufacturing or production jobs, or to allow deductions as long as no actual loss occurred. Assuming the allegations of the amended complaint are true, Plaintiff's services fall within the definition of workmanship as intended by the legislature and the fines imposed constitute deductions for faulty workmanship. Defendants' motion for partial dismissal (ECF No. 10) is therefore **DENIED**.

      **SO ORDERED** this   29th   day of December, 2016.

                                      s/ William C. Griesbach
                                      William C. Griesbach, Chief Judge
                                      United States District Court